IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE SANCHEZ, | ) | |
| | ) | |
| | ) | Case No: 14cv01780 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant, | ) | |

## ORDER

Plaintiff Jeanette Sanchez seeks reversal of the Administrative Law Judge's decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act. A motion for summary judgment has also been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security. For the reasons outlined, plaintiff's motion is granted [12] and defendant's motion is denied [17].

## STATEMENT

Plaintiff Jeanette Sanchez is a 31-year old female alleging she suffers from continued pain, swelling of the joints, lupis, and major depression.[1] On December 18, 2012, Administrative Law Judge ("ALJ") Rebecca LaRiccia denied plaintiff's application for social security benefits.[2] Here, she seeks reversal of the Administrative Law Judge's decision denying her application under Title II of the Social Security Act (the "Act"). A motion for summary judgment has also been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). The ALJ's decision will be upheld if it

---

[1] R. at 20, 68-69.
[2] R. at 12.

1

reflects a logical bridge from the evidence to the conclusions sufficient to allow the reviewing Court to determine the validity of the agency's ultimate findings.[3]

We are troubled by the ALJ's reliance, or lack thereof, on the medical opinion evidence. The ALJ gave a "minimal weight" assignment to the treating physician's opinion, and did not fully adopt the state doctors' opinions due to inconsistencies.[4] First, treating sources that are consistent with the record are generally given more weight because they are most likely "able to provide a detailed, longitudinal picture of your medical impairment(s)…."[5] If the ALJ decides against giving controlling weight to the treating physician's opinion, she is required to consider the opinion in light of certain regulatory factors, such as the extent of treatment received and supportability.[6] In this case, the ALJ acknowledged plaintiff's treating rheumatologist, but did not find the opinion consistent with the state doctors' opinions. At the same time, the ALJ found the opinions of the state doctors to be "inconsistent with the new evidence,"[7] therefore, she decided not to fully adopt their assessment.[8] Ultimately, the ALJ landed somewhere in the middle. Without citing to a medical report or opinion to contradict plaintiff's treating rheumatologist's findings that, for example, swelling in plaintiff's joints would make working difficult, she has left unexplained her conclusion.[9]

The ALJ also held that plaintiff's symptoms "seem to wax and wane," which accounted for her decision to reduce plaintiff's abilities to sedentary work (less than light

---

[3] *Young v. Barnhart,* 362 F.3d 995, 1002 (7th Cir. 2004); *see also Jones v. Astrue,* 623 F.3d 1155, 1160 (7th Cir. 2010).
[4] *See* R. at 26 (finding the expert evidence "not adopted since inconsistent with the new evidence…").
[5] 20 C.F.R. 404.1527(c)(2).
[6] 20 C.F.R. 404.1527(c); *see also Scott v. Astrue*, 647 F.3d 299, 306 (7th Cir. 2010).
[7] R. at 26.
[8] R. at 27.
[9] *See Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000)(noting that without citing to contradicting evidence, in effect the ALJ substituted his judgment for the treating doctor, which was error).

work, which is what the state doctors recommended).[10] But we are unclear exactly how the ALJ determined that plaintiff could consistently work a full 8 hour workday when, indeed, she will have good days and bad days. The Seventh Circuit has opined that when a plaintiff has an illness that results in symptoms that wax and wane, that individual is "likely to have better days and worse days,"[11] requiring a longitudinal review of the record. The only explanation from the ALJ is her statement that there is no support for plaintiff's claim that, beginning in January 2011, she could no longer work due to problems moving her hands yet prior to that date she was working.[12] But because the ALJ acknowledged the history of symptoms, the on-going treatment records, and the fact that some days would be better than others, we find more explanation is warranted for her conclusion that, even crediting all of this evidence, plaintiff can perform work on a consistent basis. Accordingly, plaintiff's motion for summary judgment is granted [12], and defendant's motion for summary judgment is denied [17].

DATE: 11/26/14

_____
U.S. Magistrate Judge

---

[10] R. at 27.
[11] *See Bauer v. Astrue,* 532 F.3d 606, 609 (7th Cir. 2008); *see also* SSR 12-2p (requiring a longitudinal review of the record when assessing symptoms of fibromyalgia).
[12] R. at 26.